Unum
Worcester Benefits Center - Appeals Unit
PO BOX 15112
Worcester, MA 01615-0112
Phone: **1-888-226-7959**
Fax: **1-774-437-7141**
www.unum.com



March 1, 2018

NAYEL SAYEGH MD
464 ARDSLEY RD
SCARSDALE, NY 10583

RE:    Sayegh, Nayel
       Claim Number:              3600054438001, 3600062920001, 3606045166001
       Provident Life and Casualty Insurance Company

Dear Dr. Sayegh:

We have completed the appeal review on your Individual Disability claims. We have concluded the decision on your claims were correct.

Please read the following pages carefully, as they will help you understand how we reached our decision.

This letter includes the following:

- Initial Claim Decision

- Appeal Decision

- Information that supports the Appeal Decision

- Our Response to your Concern(s)

- Policy Provisions that apply to the Appeal Decision

- Next steps available to you.

**Initial Claim Decision:**

On February 23, 2016, The Benefits Center advised you your claims were closed for failing to provide the financial information needed to calculate Residual Disability benefits due, as well as to verify the accuracy of benefits previously paid. You were further informed there was an overpayment on your claims, for 2013, in the amount of $22,699.

Subsequent to the above, you submitted financial information. The Benefits Center reviewed this information. On April 21, 2016, they wrote to you advising why the information was insufficient to calculate any additional benefits due, as well as to verify the accuracy of previous benefits paid. You were advised additional information was needed.

UNUM IS A REGISTERED TRADEMARK AND MARKETING BRAND OF UNUM GROUP AND ITS INSURING SUBSIDIARIES.
1242-03

02875006533780701

Claimant Name: Nayel Sayegh    Claim #:   6186220

PLC-CL-IDI-003256

Claimant Name: Sayegh, Nayel  
Claim Number: 3600054438001

March 1, 2018  
Page 2 of 4

On May 23, 2016, June 24, 2016 and August 15, 2016, The Benefits Center wrote to you advising you of the information that remained outstanding and which was needed in the evaluation of your claims. On August 15, 2016, you were advised, as you had not responded to their requests or provided the information within the timeframes required by your policies, the company would no longer pursue receipt of this information.

In the interim, the company's Financial Recovery Unit continued to request repayment of the $22,699 overpayment in benefits.

On May 11, 2017, you wrote to the company. You provided your opinion that your claims were significantly "underpaid."

On June 9, 2017, The Benefits Center wrote to you. They provided you with a copy of my January 4, 2013 appeal determination letter which explained that your benefits had been calculated correctly and in accordance with the provisions of your policies. They reminded you of your policies provisions which outlined how your prior monthly and currently monthly income should be calculated.

On July 12, 2017, The Benefits Center wrote to you again. You were advised they had tried contacting you on two occasions to discuss your belief that you were underpaid. You were advised your claims would remain closed and they would no longer follow-up with you.

**Appeal Decision:**

We have determined the decision to close your claims on February 23, 2016 was correct. You did not provide the information necessary to calculate your ongoing eligibility for Residual Disability benefits or to verify the accuracy of past Residual Disability benefits paid. In addition, the overpayment on your claim is correct. You have not provided any information to alter this.

**Information that Supports the Appeal Decision:**

You have been claiming Residual Disability benefits since September 1, 2010. Your policies define how Residual Disability benefits are calculated. The Benefits Center advised you of this on June 19, 2012. On January 4, 2013, I upheld the manner in which your Residual Disability benefits had calculated. Enclosed is a copy of my correspondence for your reference.

It appears you stopped providing the financial information needed in the calculation of Residual Disability benefits as, once again, you have stated your position that the company should only consider your salary in the calculation of your benefits. This is inconsistent with the provisions of your policy. We will not readdress this position as it was previously addressed, in detail, and explained to you in the enclosed January 4, 2013 letter. We encourage you to re-read this correspondence as well as the provisions of your policy contained therein.

Your policies also contain proof of loss provisions, and allow the company to obtain the proof necessary to evaluate your earnings. Again, I refer you to my January 4, 2013 letter which explains the provisions of your policies which allow The Benefits Center to request and receive the information that has been requested to appropriately calculate your benefits.

On January 25, 2018, you re-appealed the manner by which your current monthly income has been calculated. Specifically, you believe it should not include your business income. Please note this was already addressed in my January 4, 2013 decision. The decision on the matter is

*Claimant Name:  Nayel  Sayegh*   *Claim #:  6186220*

Claimant Name: Sayegh, Nayel
Claim Number: 3600054438001

March 1, 2018
Page 3 of 4

final. Our decision was in accordance to, and consistent with, the provisions of your policy. If you choose to not submit information requested by The Benefits Center, your claim will remain closed and no additional benefits will be considered. The company will continue to follow-up on the overpayment for 2013 and may pursue legal actions if necessary.

### Our Response to Your Concerns:

You believe the company should only consider your salary in the calculation of your monthly earnings. Again, this has already been addressed. Please see my January 4, 2013 letter.

You believe the company did not include your business income in the calculation of your Prior Earnings. This is incorrect and also was explained to you on April 16, 2012 and in my January 4, 2013 letter.

On January 31, 2018, you provided an additional letter to our department for review. You indicated there are two methods of accounting available to measure the income and expenses of a business; cash and accrual. You explained the difference between the cash and accrual method. You indicated the accrual method is more beneficial to you.

The Benefits Center has previously advised you what information would be needed if you wished for them to evaluate your benefits based upon the accrual method. We also remind you, if you wish for your currently monthly income to be calculated based upon the accrual method, your prior monthly income must also be calculated on the accrual method. Therefore, monthly profit and loss statements would be needed to perform this calculation for each month during your prior income years (2006 & 2007). You previously advised us you did not have this information. Therefore, we continue to believe the company has calculated your benefits appropriately, based on the information available to them for review, and in accordance with the provisions of your policy.

We will not revisit the decision to consider your business income and expenses in the calculation of your Residual Disability benefits. Our January 4, 2013 decision on this matter was final.

### Policy Provisions that Apply to the Appeal Decision:

Please see the attached letter for the provisions which apply to this decision.

### Next Steps Available to you:

If you wish for The Benefits Center to evaluate your ongoing eligibility for Residual Disability benefits, please provide all outstanding information. In the absence of this information, your claims will remain closed and no additional benefits will be paid.

If you wish for your benefits to be calculated based upon the accrual method of accounting, please contact The Benefits Center. They will remind you of all information needed for the prior and current monthly income years to recalculate your benefits. However, please be advised your business income will still be included.

### TO ALL NEW YORK RESIDENTS

Claimant Name: Sayegh, Nayel
Claim Number: 3600054438001

March 1, 2018
Page 4 of 4

The policy under which you were insured has a provision which states, in part, that no action in law or in equity shall be brought to recover on the policy after the expiration of three years after the time written proof of loss is required to be furnished.

This communication should not be considered a waiver of any rights or defenses available to the company under the terms of the policy or the law, including but not limited to any claims that may be barred by the passage of time.

Dr. Sayegh, if you have questions about your claim or this process, please call our Contact Center at 1-888-226-7959, 8 a.m. to 8 p.m. Eastern Time, Monday through Friday. Any of our experienced representatives have access to your claim documentation and will be able to assist you. If you prefer to speak with me personally, I can be reached at the same toll-free number at extension, 76710. We will identify your claim by your Social Security number or claim number, so please have one of these numbers available when you call.

Sincerely,

*Melissa A Walsh*

Melissa A Walsh
Lead Appeals Specialist


Enclosures:   -Claimant: Appeal Unit
CC:           Charles Ross/The Ross Company (without enclosures)

*Claimant Name:  Nayel  Sayegh*      *Claim #:  6186220*

PLC-CL-IDI-003259